UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK A. RIBBING,

    Plaintiff,

v.                                                 Case No. 3:19cv3336-RV-HTC

MEADOW RUN
APARTMENTS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court upon referral from the clerk. After an initial review of Plaintiff's complaint, ECF Doc. 1, the undersigned concluded it failed to establish the Court has subject-matter jurisdiction over Plaintiff's claims. Thus, on August 29, 2019, the Court ordered Plaintiff to show cause within fourteen (14) days why this case should not be dismissed. Plaintiff has not responded to the August 29 Order to Show Cause. This case, therefore, should be dismissed for lack of jurisdiction.

I.    Background

Plaintiff's complaint names three (3) Defendants: (1) Meadow Run Apartments; (2) Nancy Carlin; and (3) "all tenants and employees on the property between" August 1 and August 23 of 2019. ECF Doc. 1 at 1, 3. Although

somewhat difficult to decipher, Plaintiff alleges that while he was in the Escambia County Jail in August 2019[1]: (1) someone took possession of his vehicle, which contained evidence related to a different claim he is bringing against police officers; (2) the evidence "was spread out through the city and found in a house currently under investigation in another suit which led to further evidence collected and stored on [site]"; and (3) "whoever tampered with the evidence was employed by the apartment company and refused to return it along with [Plaintiff's] vehicle." *Id.* at 4-5.

Based on the foregoing, Plaintiff alleges violations of the First, Fourth, and Sixth Amendments, the Court Interpreters Act of 1978, Articles VI and X of the Louisiana Purchase, and an unidentifiable case Plaintiff asserts is titled "Ribbing v. Florida." *Id.* at 6. As relief, he seeks the return of his property and damages. *Id.* at 5-6.

II.   Discussion

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

---

[1] The Escambia County Jail's website indicates Plaintiff was detained there from August 1 to August 23. *See* http://inmatelookup.myescambia.com/smartwebclient/jail.aspx.

Case No. 3:19cv3336-RV-HTC

dismiss the action."). "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted).

Plaintiff's complaint does not cite a specific statutory grant as the basis for the Court's subject matter jurisdiction. Plaintiff also fails to establish the Court has diversity jurisdiction. "[W]hen federal jurisdiction is invoked based upon diversity, [the complaint's allegations] must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. . . . Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citations omitted). Because Plaintiff's complaint does not identify the citizenship of each party, he has failed to demonstrate the Court has diversity jurisdiction.

Plaintiff's complaint suggests he is attempting to invoke the Court's federal question jurisdiction, as it cites to several provisions of federal law. But "[e]ven a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made

solely for the purpose of obtaining jurisdiction,' or (2) 'such a claim is wholly insubstantial and frivolous.'" *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)).

Plaintiff's complaint does not present a nonfrivolous federal question. Plaintiff cannot bring a First, Fourth or Sixth Amendment claim against the Defendants because those amendments regulate the actions of the federal and state governments, not private parties such as the Defendants.

Plaintiff also references the Court Interpreters Act of 1978 ("CIA"), Articles VI and X of the Louisiana Purchase and "Ribbing v. Florida." However, he has failed to explain how the cited statute, treaty or case have any relation to his allegations regarding the loss of his property. The CIA concerns the use of interpreters in "judicial proceedings instituted by the United States." 28 U.S.C. § 1827(d)(1). The Louisiana Purchase was an early nineteenth century agreement between the United States and France regarding the acquisition of territory. "Ribbing v. Florida" is an unidentifiable case; Plaintiff has neither provided a proper citation for the case nor explained its significance.

Based on the foregoing, Plaintiff's purported federal claims are frivolous and the Court lacks federal question jurisdiction over this case. Because Plaintiff has failed to establish this Court has subject-matter jurisdiction over his claims, his

complaint should be dismissed.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED for lack of subject-matter jurisdiction.

2. That the clerk close the file.

At Pensacola, Florida, this 18th day of September, 2019.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.